UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM HENRY ERVIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:05-CV-0339 TLS |
| ) | |
| JUDGE SMOLLS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

William Ervin, a prisoner confined at the Delaware County Jail, submitted a complaint naming Allen Superior Court Judges Kenneth Scheibenberger and John Surbeck, Superior Court Magistrate Robert Smolls, Deputy Prosecutor Al Anzini, and Allen County Community Corrections officials Stan Fluger and Ed Harris as defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Ervin alleges that he pled guilty to a criminal offense and, pursuant to the plea agreement, Judge Scheibnberger imposed a four year sentence. He asserts that under the terms of his plea agreement, two years of the sentence was suspended and that he was to serve two years in the Allen County Community Corrections Program. He alleges that later Judges Brubaker and Smolls improperly revoked the suspended portion of his sentence without giving him credit for one year of the executed sentence. Mr. Ervin states that he "file[d] a motion to correct the sentence and jail credit to the sentencing Judge Scheibnberger" (Complaint at p 2), but Judge Scheibnberger denied him relief.

After the trial court ordered Mr. Ervin to serve the suspended portion of his sentence, he was sent to the Indiana Department of Correction for fourteen months. He was then transferred to the Allen County Community Corrections. He states that he complained to Community Corrections officials that he had "served too much time on this case." (Complaint at p. 4).

Mr. Ervin does not ask the court to order his release from custody, and has apparently already been released from custody on the sentence imposed by Judge Scheibnberger. Mr. Ervin does seek to sue Judges Surbeck, Scheibnberger, and Smolls for damages. Judges, however, are not liable for damages in civil actions for their judicial acts unless they acted in the clear absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity because the action he took was in error, was done maliciously or was in excess of his authority. *Stump v. Sparkman*, 435 U.S. at 356-357. A judge is absolutely immune for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors. *Stump v. Sparkman*, 435 U.S. at 359; *Dellenbach v. Letsinger*, 889 F.2d 755, 759 (7th Cir. 1989), *cert. denied*, 494 U.S. 1085 (1990).

As long as Judges Surbeck, Scheibnberger, and Smolls acted within their jurisdiction as

judges, they are entitled to absolute judicial immunity. The defendant judges had the jurisdiction and capacity to sentence Mr. Ervin and to revoke the suspended portion of his sentence. *See John v. Barron*, 897 F.2d 1387, 1392 (7th Cir. 1990), *cert. denied*, 498 U.S. 821 (1990) (test is whether the acts are those normally performed by a judge). Thus, even if Judges Surbeck, Scheibnberger, and Smolls erred in revoking the suspended portion of his sentence or failed to give him sufficient credit for time already served, they are immune from civil damages.

      Mr. Ervin also sues Allen County deputy Prosecutor Al Anzini. Prosecutors, however, have absolute immunity for the initiation and pursuit of a criminal prosecution, including presenting the state's case at trial or any other conduct "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). "In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under §1983." *Id.* at 431. This immunity applies even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986). Participating in a proceeding to revoke the suspended portion of Mr. Ervin's sentence constitutes conduct intimately associated with the judicial phase of the criminal process. Accordingly, even if Mr. Anzini was aware that the trial court erred in revoking the suspended portion of Mr. Ervin's sentence or failed to give him sufficient credit for time already served, he is still immune from damage claims.

      Finally, Mr. Ervin names Allen County Community Corrections officials Stan Fluger and Ed Harris as defendants. Mr. Ervin alleges that while he was in their custody he complained that he had already served too much time on his sentence. But Allen County Community Corrections officials held Mr. Ervin pursuant to a conviction and sentencing order issued by Judge Scheibenberger and a judicial order revoking the suspended portion of his sentence, and Judge Scheibenberger denied Mr. Ervin's motion to correct the sentence and jail credit. The Community Corrections officials "did not have the authority to release [Mr. Ervin] in the face of a judicial order

3

requiring him to be held in custody." *Hansborough v. Reickhoff*, 400 F.Supp.2d 1100, 1102 (N.D.Ind. 2005).

For the foregoing reasons, the court DISMISSES this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

SO ORDERED on February 21, 2006

                                    /s/ Theresa L. Springmann  
                                  THERESA L. SPRINGMANN  
                                  UNITED STATES DISTRICT COURT